**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.  24-81428-CIV-SMITH**

MARK KLOSTER, Individually and on
Behalf Of All Others Similarly Situated,

          Plaintiff,

    v.

LILIUM N.V., KLAUS ROEWE, and JOHAN
MALMQVIST,

          Defendants.

<u>CLASS ACTION</u>

**MEMORANDUM OF LAW IN OPPOSITION TO COMPETING**
**LEAD PLAINTIFF MOTIONS AND IN FURTHER SUPPORT OF**
**TLP ONE LLC'S MOTION FOR APPOINTMENT AS LEAD**
<u>**PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**</u>

**PRELIMINARY STATEMENT**

Movant TLP One LLC ("TLP One" or "Movant") respectfully submits this Memorandum of Law in Opposition to Competing Lead Plaintiff Motions and in Further Support of Movant's Motion for Appointment as Lead Plaintiff and Approval of Selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel and Levine Kellogg Lehman Schneider & Grosman LLP ("Levine Kellogg") as Liaison Counsel.  ECF No. 38.  Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), TLP One is presumptively the most adequate lead plaintiff because it has the largest financial interest in the Action and satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  As no proof of Movant's inadequacy exists to rebut this presumption, TLP One must be appointed as lead plaintiff.

**BACKGROUND**

On November 7, 2024, plaintiff Markus Kloster filed a complaint in the United States District Court for the Southern District of New York that was subsequently transferred to this District on November 15, 2024 alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission on behalf of a "Class" consisting of all persons or entities, other than Defendants, who purchased or otherwise acquired Lilium N.V. ("Lilium" or the "Company") securities between June 11, 2024 and November 3, 2024, inclusive (the "Class Period").  Plaintiff Markus Kloster duly caused a notice to be filed in a widely circulated national business-oriented wire service advising other class members of their right to seek appointment as a representative party.  *See* ECF No. 38-6 (Notice).

1

On January 6, 2025, TLP One and five other movants filed motions to be appointed Lead Plaintiff in the Action.  As of the date of this filing, only two movants remain: (1) TLP One, ECF No. 38; and (2) Bingbing Zhang and Huiling Dong ("Zhang/Dong"), ECF No. 40.[1]

Pursuant to the PSLRA, TLP One is presumptively the most adequate lead plaintiff because it has the largest financial interest in the Action, suffering losses of $257,272.23, far more than the losses suffered by any of the remaining competing movants.  TLP One also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  Thus, TLP One is entitled to the strong presumption of being the "most adequate plaintiff" to serve as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption can only be rebutted "upon proof" that TLP One is an inadequate or atypical Class representative.  *Id.*  As **no proof** of TLP One's inadequacy exists, TLP One should be appointed as lead plaintiff.

## ARGUMENT

### I.    TLP ONE SHOULD BE APPOINTED AS LEAD PLAINTIFF

In deciding which movant to appoint as lead plaintiff in cases brought under the PSLRA, the Court must consider losses suffered by the competing movants, from largest to smallest, and appoint the movant with the "largest financial interest in the relief sought by the class" who also "otherwise satisfies the requirements" of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Tran v. ERBA Diagnostics, Inc.*, No. 15-CV-24440, 2016 U.S. Dist. LEXIS 186864, at *3 (S.D. Fla. Apr. 8, 2016) (movant need only make a *prima facie* showing of typicality and adequacy under Rule 23).  Once identified, the movant with the largest financial interest must be appointed lead plaintiff,

---

[1]  Manuel de Braganca Fangueiro filed a Notice of Withdrawal of his lead plaintiff motion on January 7, 2025.  ECF No. 41.  On January 21, 2025, Worthmore Global Management LLC and Richard Tristan Garcia filed Notices of Withdrawal of their motions (ECF Nos. 43, 45) and Wim Taeymans filed a Notice of Non-Opposition to Competing Lead Plaintiff Motions (ECF No. 44).

unless a competing movant produces sufficient proof to rebut the presumption in its favor. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). This analysis finds TLP One to be the most adequate lead plaintiff.

### A.      TLP One Possesses the Largest Financial Interest

In assessing which lead plaintiff movant has the "largest financial interest," most courts, including courts in the Eleventh Circuit, consider financial losses to be the determinative factor. *See, e.g.*, *In re 21st Century Holding Co. Sec. Litig.*, No. 07-61057, 2007 U.S. Dist. LEXIS 103464, at *9 (S.D. Fla. Nov. 19, 2007) ("most important factor in determining the lead plaintiff is the amount of financial interest claimed,"); *Steppacher v. ALFI, Inc.*, No. 21-24232, 2022 U.S. Dist. LEXIS 68790, at *7 (S.D. Fla. Apr. 13, 2022) ("the operative question in this matter is which lead plaintiff movant . . . has the largest financial interest"). TLP One has lost $257,272.33 on its purchases of Lilium securities. These losses dwarf Zhang/Dong's losses by $168,818.33, or ***almost 3 times***, as set forth in the chart below.

| Movant | LIFO Losses |
|---|---|
| 1.  TLP One | ($257,272.33) |
| 2.  Zhang/Dong | ($88,454.00) |

Because TLP One has the largest financial interest of any competing movant, it is the presumptive lead plaintiff.

### B.      TLP One Satisfies the Typicality and Adequacy Requirements

Given that TLP One has the largest financial interest in the litigation, the Court must now "focus its attention on that plaintiff and determine . . . whether [it] satisfies the requirements of Rule 23(a)." *Herrgott v. United States Dist. Court for the N. Dist. of Cal.(In re Cavanaugh)*, 306 F.3d 726, 730 (9th Cir. 2002). At the lead plaintiff stage, however, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met. *See Tran*, 2016 U.S. Dist. LEXIS 186864, at *1 (S.D. Fla. Apr. 8, 2016) (appointing investor

that "made a prima facie showing that [it] satisfies the typicality and adequacy requirements of [Rule 23]"); *Mulvaney v. Geo Grp., Inc.*, 2016 U.S. Dist. LEXIS 193402, at *6 (S.D. Fla. Nov. 21, 2016) ("[A]t the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate."); *Miller v. Dyadic Intern., Inc., et al.*, No. 07-80948, 2008 U.S. Dist. LEXIS 32271, at *18 (S.D. Fla. Apr. 18, 2008) (considering only typicality and adequacy on a motion for designation as lead plaintiff).

A lead plaintiff's claims are typical of the claims of the class if they purchased artificially inflated securities during the class period while relying on the alleged misrepresentations and suffered losses as a result.  *See Prado-Steinman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 & n.16 (11th Cir. 2000) (finding typicality satisfied as long as the named plaintiffs share the "*same essential characteristics* as the claims of the class at large") (emphasis original); *Dillard v. Platform Specialty Prods. Corp.*, No. 16-cv-80490, 2016 U.S. Dist. LEXIS 204852, at *8 (S.D. Fla. June 29, 2016).   "The Eleventh Circuit has instructed that adequacy of representation is primarily based on 'the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the . . . class' and 'whether plaintiffs have interests antagonistic to those of the rest of the class.'"  *Id.* at *9.  Here, TLP One satisfies both the typicality and adequacy prongs of Rule 23, requiring its appointment as Lead Plaintiff.

TLP One satisfies the typicality requirement.  Like all members of the Class, TLP One: (1) purchased Lilium securities during the Class Period; (2) at prices artificially inflated by the false and misleading statements and/or omissions by Defendants; and (3) suffered heavy losses as a result.  *See Dyadic*, 2008 U.S. Dist. LEXIS 32271, at *19; *Mulvaney*, 2016 U.S. Dist. LEXIS 193402, at *6.  Because of this, TLP One's claims are substantially similar, if not identical, to those

4

of the other members of the Class who purchased Lilium securities during the Class Period and suffered losses from the alleged misconduct on the part of the Defendants.

TLP One also readily satisfies the adequacy requirement of Rule 23.  BES, proposed lead counsel for the Class, is highly experienced in securities class actions such as this and is well qualified to litigate the Action.  *See* ECF No. 38-7 (firm résumé of BES).  Moreover, TLP One has no conflicts with absentee Class members and is highly motivated to recover its losses of $257,272.33.  *See Dyadic*, 2008 U.S. Dist. LEXIS 32271, at *19; *In re January 2021 Short Squeeze Trading Litig.*, No. 21-2989-MDL, 2021 U.S. Dist. LEXIS 199545, at *26 (S.D. Fla. Oct. 14, 2021) (appointing movant who was "an experienced investor with a large financial interest in the action", was "willing to serve as lead plaintiff and vigorously prosecute the action and has selected counsel well-versed in securities litigation", and there was "no indication that [movant's] interests are antagonistic to the interests of the other putative class members").

TLP One possesses the largest financial interest and satisfies Rule 23 and therefore should be appointed lead plaintiff pursuant to the PSLRA.

### C.     No Proof Exists to Rebut the Presumption in Favor of TLP One

Having demonstrated that TLP One is the presumptive Lead Plaintiff in the Action, that strong presumption can be rebutted only with proof that the movant with the largest financial interest is atypical or inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  "In determining whether [a competing movant] has met his burden of rebutting this presumption, the Court keeps in mind that 'the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair [] and adequate []' job." *Dyadic*, 2008 U.S. Dist. LEXIS 32271, at *20.  *See also Rice v. Genworth Fin. Inc*, C.A. No. 3:17cv59, 2017 U.S. Dist.

LEXIS 137110, at *24 (E.D. Va. Aug. 25, 2017) ("To demonstrate that the lead plaintiff will be inadequate, courts require a showing of 'specific support in evidence of the existence of an actual or potential conflict of interest.'"); *In re Facebook, Inc.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) ("exacting proof" necessary to "rebut the PSLRA's presumption" in favor of most adequate lead plaintiff as "[t]he conflict of interest must be shown, not merely speculated").   Here, no proof exists to rebut the presumption.  TLP One has no conflicts with the members of the Class and is motivated to recover the heavy losses it suffered and therefore should be appointed as Lead Plaintiff pursuant to the PSLRA.

## II.    TLP ONE'S CHOICE OF COUNSEL SHOULD BE APPROVED

The Court should also approve TLP One's selection of BES as lead counsel and Levine Kellogg as liaison counsel for the putative class.  The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class subject to approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v); *see also, e.g.*, *Dillard*, 2016 U.S. Dist. LEXIS 204852, at *9-10 (approving and appointing movant's choice of co-lead counsel); *In re January 2021 Short Squeeze Trading Litig.*, 2021 U.S. Dist. LEXIS 199545, at *33-*34 (same).  "The Court should not interfere with the lead plaintiff's selection of counsel unless necessary to 'protect the interests of the class[.]'" *Steppacher*, 2022 U.S. Dist. LEXIS 68790, at *17.

BES is a highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors as detailed in its Firm Résumé.  ECF No. 38-7.  BES has been appointed as lead counsel in many similar class actions arising under the federal securities laws.  *See, e.g.*, *Subramanian v. Watford*, C.A. No. 20-cv-02652-CMA-STV, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. Apr. 29, 2021) (noting the firm's qualifications, experience, and ability to conduct the litigation); *Saint Jermain v. Fluidigm Corp.*, No. 20-cv-06617-PJH, 2020 U.S. Dist. LEXIS 234646, at *12 (N.D. Cal. Dec. 14, 2020)

6

(appointing BES as lead counsel); *Turnofsky v. electroCore, Inc.*, Civ. No. 19-18400, 2020 U.S. Dist. LEXIS 72313, at *16 (D.N.J. Apr. 24, 2020) (appointing BES as lead counsel, noting the firm's experience with securities class actions); *Dennee v. Slack Tech., Inc.*, No. 3:19-cv-05857-SI, ECF No. 50 (N.D. Cal. Jan. 8, 2020); *Crumrine v. Vivint Solar Inc.*, No. 2:20-cv-00919-JNP-CMR, ECF No. 24 (D. Utah June 29, 2020); *Xu v. Gridsum Holding, LLC*, No. 18 Civ. 3655 (ER), 2018 U.S. Dist. LEXIS 158497, at *13 (S.D.N.Y. Sept. 17, 2018) (appointing BES as lead counsel, noting the firm's qualifications).

Proposed liaison counsel, Levine Kellogg, is also highly experienced in class action lawsuits and violations of state and federal securities laws as detailed in its Firm Résumé. ECF No. 38-8. The firm has been recognized by the Southern Florida Legal Guide as a "Top Law Firm" in South Florida.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the Action; (2) approve BES as Lead Counsel and Levine Kellogg as Liaison Counsel for the Class; and (3) deny the Lead Plaintiff Motions of the competing movants.

Dated:  January 21, 2025

Respectfully submitted,

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**

*/s/ Jeffrey C. Schneider*
Jeffrey C. Schneider (Florida Bar No. 933244)
Email:  jcs@lklsg.com
Secondary: ph@lklsg.com
Victoria J. Wilson (Florida Bar No. 92157)
Primary:  vjw@lklsg.com
Secondary: rm@lklsg.com
Miami Tower
100 SE 2nd Street, 36th Floor
Miami, FL  33131
Telephone:  (305) 403-8788
Facsimile:  (305) 403-8789

**BRAGAR EAGEL & SQUIRE, P.C.**
Lawrence P. Eagel (*pro hac vice* forthcoming)
Marion C. Passmore (*pro hac vice* forthcoming)
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone:  (212) 308-5858
Facsimile:  (212) 214-0506
Email:  eagel@bespc.com
         passmore@bespc.com
*Attorneys for Movant TLP One LLC*

## CERTIFICATE OF SERVICE

I, Jeffrey C. Schneider, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 21st day of January, 2025.

*/s/ Jeffrey C. Schneider*
Jeffrey C. Schneider

8