**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:24-81428-Civ-SMITH/REINHART

|  |  |
|---|---|
| MARKUS KLOSTER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> LILIUM N.V., KLAUS ROEWE, and JOHAN MALMQVIST, <br><br> Defendants. | <u>CLASS ACTION</u> |

**REPLY MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF MOVANT THE ZHANG-DONG FAMILY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION**

**TABLE OF CONTENTS**

ARGUMENT ....................................................................................................................... 1

CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*B.V. Reomie Automateriaal v. IDE Inv. & Real Est., LLC*,
No. 22-CV-00091-SWS, 2022 WL 16901968 (D. Wyo. Nov. 11, 2022) ................................8

*Baltzer v. Midland Credit Mgmt., Inc.*,
No. 14-20140-CIV, 2014 WL 3845449 (S.D. Fla. Aug. 5, 2014) ............................................2

*Camp v. Qualcomm Inc.*,
No. 18-CV-1208-AJB-BLM, 2019 WL 277360 (S.D. Cal. Jan. 22, 2019) ..............................5

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
528 U.S. 167 (2000) ...........................................................................................................3, 4

*Gross v. AT&T Inc.*,
No. 19-CV-2892 (VEC), 2019 WL 7759222 (S.D.N.Y. June 24, 2019) ..............................6, 7

*Haideri v. Jumei Int'l Holding Ltd.*,
No. 20-CV-02751-EMC, 2020 WL 5291872 (N.D. Cal. Sept. 4, 2020) ..................................6

*In re Bally Total Fitness Sec. Litig.*,
No. 04C3530, 2005 WL 627960 (N.D. Ill. Mar. 15, 2005) .......................................................3

*In re Bank of America Corp. Sec., Derivative and ERISA Litig.*,
No. 09-MD-2058, 2011 WL 3211472 (S.D.N.Y. 2011) ...........................................................3

*In re Boeing Co. Aircraft Sec. Litig.*,
No. 19 CV 2394, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) ...............................................7

*In re HEXO Corp. Sec. Litig.*,
No. 19 Civ. 10965 (NRB), 2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020) ..............................6

*In re McKesson HBOC, Inc. Sec. Litig.*,
97 F.Supp.2d 993 (N.D. Cal. 1999) ........................................................................................9

*McFalls v. Purdue*,
No. 3:16-cv-2116-SI, 2018 WL 785866 (D. Or. Feb. 08, 2018) .........................................3, 4

*Narra v. Skyhop Techs., Inc.*,
703 F.Supp.3d 1037 (N.D. Cal. 2023) ...................................................................................4

*Newman v. Eagle Bldg. Techs.*,
209 F.R.D. 499 (S.D. Fla. 2002) ............................................................................................3

*Perlmutter v. Intuitive Surgical, Inc.*,
    No. 10-CV-03451-LHK, 2011 WL 566814 (N.D. Cal. Feb. 15, 2011) ..................................... 9

*Piven v. Sykes Enterprises, Inc.*,
    137 F.Supp.2d 1295 (M.D. Fla. 2000) .................................................................................. 6

*Rao v. Quorum Health Corp.*,
    221 F.Supp.3d 987 (M.D. Tenn. 2016) .................................................................................. 9

*Rodriguez v. DraftKings Inc.*,
    No. 21 CIV. 5739 (PAE), 2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021) ........................... 5, 6

*Tomaszewski v. Trevena, Inc.*,
    383 F.Supp.3d 409 (E.D. Pa. 2019) ...................................................................................... 5

*Tran v. ERBA Diagnostics, Inc.*,
    No. 15-CV-24440, 2016 WL 7438833 (S.D. Fla. Apr. 8, 2016) ............................................. 1

*Weisz v. Calpine Corp.*,
    No. 4:02-CV-1200, 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002) ....................................... 9

*Willis v. DHL Glob. Customer Sols. (USA), Inc.*,
    No. 10-62464-CIV, 2011 WL 4737909 (S.D. Fla. Oct. 7, 2011) ........................................... 2

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................................... 1, 8

Private Securities Litigation Reform Act of 1995 ................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................................... *passim*

Lead Plaintiff Movant, the Zhang-Dong Family,[1] respectfully submits this reply memorandum of law in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Pomerantz as Lead Counsel and Miller Shah as Liaison Counsel (Dkt. No. 40); and in opposition to the competing motion of TLP (Dkt. No. 38).[2]

### ARGUMENT

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class" **and** has made a *prima facie* showing of typicality and adequacy within the meaning of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Tran v. ERBA Diagnostics, Inc.*, No. 15-CV-24440, 2016 WL 7438833, at *1 (S.D. Fla. Apr. 8, 2016).  This presumption is rebutted upon proof that the presumptive "most adequate plaintiff" is atypical or inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, as discussed at length in its moving and opposition briefs (Dkt. Nos. 40, 47), the Zhang-Dong Family is the only movant that satisfies the statutory criteria to be entitled to the "most adequate plaintiff" presumption.  *First*, the Zhang-Dong Family has incurred a significant loss of approximately $88,454 as a result of Defendants' alleged fraud (*see* Dkt. No. 40-3), the largest loss claimed among those eligible for appointment as Lead Plaintiff in this Action.  *See* Dkt. No. 47 at 2, 7.  Although TLP, the only competing movant, claims to have incurred a larger investment loss than the Zhang-Dong Family, TLP is atypical and inadequate under Rule 23 and

---

[1]All capitalized terms herein are defined in the Zhang-Dong Family's motion and moving or opposition briefs, unless otherwise indicated.  *See* Dkt. Nos. 40, 47.

[2]Initially, four other putative Class members—Garcia, Fangueiro, Taeymans, and WGM—filed similar competing motions.  *See* Dkt. Nos. 35-37, 39.  Each of these movants either subsequently withdrew their motion or filed a notice of their non-opposition to competing motions.  *See* Dkt. Nos. 41, 43-45.

subject to disqualifying unique defenses, as discussed at length in the Zhang-Dong Family's opposition brief (*see id.* at 3-6, 10-20), and thus ineligible for appointment as Lead Plaintiff irrespective of the size of its purported investment loss.

*Second*, the Zhang-Dong Family has robustly demonstrated its typicality and adequacy under Rule 23 (*see id.* at 2-3, 7-9; *see also* Dkt. No. 40 at 8-10), including through a detailed Joint Declaration executed by its members, a married couple, attesting to, *inter alia*, their background, their investment experience, their decision to seek appointment jointly as Co-Lead Plaintiffs, their reasons for choosing Pomerantz as Lead Counsel, their understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, and their readiness to shoulder those responsibilities on behalf of the Class (*see* Dkt. No. 40-6 at 1-4).

No competing movant has challenged the quantum of the Zhang-Dong Family's financial interest, nor argued that it is atypical, inadequate, or otherwise ineligible for appointment as Lead Plaintiff.  As such, any such arguments have been waived.  *See Baltzer v. Midland Credit Mgmt., Inc.*, No. 14-20140-CIV, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014) ("A reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence."); *Willis v. DHL Glob. Customer Sols. (USA), Inc.*, No. 10-62464-CIV, 2011 WL 4737909, at *3 (S.D. Fla. Oct. 7, 2011) (collecting cases finding it inappropriate to raise new arguments in a reply brief and stating that courts in this District generally do not consider these arguments).

Accordingly, the Zhang-Dong Family should be appointed Lead Plaintiff on behalf of the Class.

Opposing the Zhang-Dong Family's motion, TLP claims that it should be appointed Lead Plaintiff instead of the Zhang-Dong Family because "it [allegedly] has the largest financial interest in the Action" and purportedly "satisfies the typicality and adequacy requirements of Rule 23[.]" Dkt. No. 46 at 1. TLP also asserts that "no proof of [its] inadequacy exists[.]" *Id.* TLP is wrong. As discussed at length in the Zhang-Dong Family's opposition brief, TLP is atypical and inadequate under Rule 23, as well as subject to disqualifying unique defenses, and thus ineligible for appointment as Lead Plaintiff in this Action, irrespective of the size of its purported investment loss, for at least four independent reasons. *See* Dkt. No. 47 at 3-6, 10-20.

*First*, TLP has failed to establish its standing to pursue fraud claims on behalf of the Class, subjecting TLP to a disqualifying unique defense that is fatal to its motion. *See Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 504 (S.D. Fla. 2002) (disqualifying lead plaintiff movant under the PSLRA that "***may*** be subject to unique defenses that ***might*** imperil certification of a class" (emphases added)); *see also In re Bally Total Fitness Sec. Litig.*, No. 04C3530, 2005 WL 627960, at *6 (N.D. Ill. Mar. 15, 2005) ("The PSLRA . . . provides that we ask simply whether [a movant] is likely to be 'subject to' the unique defense . . . ; we do not have to determine that the defense is likely to succeed."). Article III standing in securities fraud actions requires beneficial ownership in the securities at issue and a purchase or sale of those securities during the relevant period (*i.e.*, the Class Period). *See In re Bank of America Corp. Sec., Derivative and ERISA Litig.*, No. 09-MD-2058, 2011 WL 3211472, at *12-14 (S.D.N.Y. 2011). Moreover, Article III standing is assessed "at the outset of the litigation." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000); *see also McFalls v. Purdue*, No. 3:16-cv-2116-SI, 2018 WL 785866, at *8 (D. Or. Feb. 08, 2018) (same).

3

Here, at the outset of its participation in this litigation, TLP failed to submit evidence showing that it is the beneficial owner of the securities on which it claims a loss in this Action, as well as failed to submit evidence showing that it transacted in Lilium securities during the Class Period.  In particular, the Lissette Certification, which TLP submitted as purported proof of its Class Period transactions in Lilium securities, only references Lissette's own Class Period transactions in Lilium securities, thereby indicating that Lissette, not TLP, is the owner of the Lilium securities at issue in this Action.  *See* Dkt. No. 38-4 at 1 ¶ 5 ("I, the undersigned Jamie Lissette, on behalf of TLP . . . certify that . . . [a]ttached hereto as Schedule A is a complete listing of all *my* Lilium . . . transactions during the Class Period." (Emphasis added.)).  The Schedule A appended to the Lissette Certification confirms this, unequivocally stating that it lists "Class Period Transactions of *Jamie Lissette* in Lilium . . . securities."  *Id.* at 3 (emphasis added).  TLP has not submitted, nor referenced, any transactions in Lilium securities pertinent to its motion apart from those listed in the Schedule A appended to the Lissette Certification.  Nor has TLP submitted an assignment of claims that would allow it to pursue Lissette's fraud claims arising from *his* Class Period transactions in Lilium securities in connection with investment losses that *he*, not TLP, incurred.  Moreover, TLP has failed to address these deficiencies in its opposition brief.  *See generally* Dkt. No. 46.  Accordingly, TLP has failed to establish that it has Article III standing to pursue the fraud claims in this Action.  This failure alone is fatal to TLP's motion and cannot now be cured.  *See Friends of the Earth*, 528 U.S. at 180 (standing is assessed "at the outset of the litigation"); *McFalls*, 2018 WL 785866, at *8 (same); *Narra v. Skyhop Techs., Inc.*, 703 F.Supp.3d 1037, 1039 n.1 (N.D. Cal. 2023) ("Standing . . . is measured from the time when a cause of action is filed, not from the time when a party corrects any defects in its initial pleading of that cause.").

*Second*, TLP's motion papers are either false or else contain glaring errors.  Courts routinely disqualify movants from consideration for appointment as lead plaintiff under such circumstances, finding the presence of errors in a movant's "submissions is undoubtedly relevant and concerning, and plays an important role in the Court's assessment of [its] adequacy as a putative class representative."  *Rodriguez v. DraftKings Inc.*, No. 21 CIV. 5739 (PAE), 2021 WL 5282006, at *6, *9 (S.D.N.Y. Nov. 12, 2021) (disqualifying movant because, "[h]ad [movant] been serious about his responsibilities as a budding class representative, he should not have had to have been alerted to these basic errors in the first place"); *Camp v. Qualcomm Inc.*, No. 18-CV-1208-AJB-BLM, 2019 WL 277360, at *3-4 (S.D. Cal. Jan. 22, 2019) (finding errors in submissions prohibit movant from satisfying Rule 23); *Tomaszewski v. Trevena, Inc.*, 383 F.Supp.3d 409, 414 (E.D. Pa. 2019) (disqualifying movant where errors in sworn certification showed a "substantial degree of carelessness and raise[d] doubt as to whether he will fairly and adequately represent the best interests of the class").

In its moving brief, TLP states, *inter alia*, that it has submitted a "certification identifying *its* transaction in Lilium, as required by the PSLRA" and that, "through its Managing *Member*, [TLP] has . . . execut[ed] a certification detailing *its* Class Period transactions and expressing willingness to serve as Class representative[.]"  Dkt. No. 38-1 at 1 n.1, 8 (emphases added).  However, the Lissette Certification, which is the only certification that TLP has submitted with its motion papers, only identifies "Class Period Transactions *of Jamie Lissette* in Lilium . . . securities" (Dkt. No. 38-4 at 3 (emphasis added)); refers to Lissette as "the Managing *Partner* of TLP" (*id.* at 1 ¶ 1 (emphasis added)); and only expresses Lissette's own interest and willingness to serve as a Class representative (*see id.* ¶¶ 2, 4).  Accordingly, either: (i) TLP's moving brief is accurate and TLP submitted a false certification under penalty of perjury; or (ii) the Lissette

5

Certification is accurate, and TLP's moving brief contains false statements as to TLP's own purported transactions in Lilium securities during the Class Period, TLP's own interest and willingness to serve as a Class representative, and Lissette's status as TLP's Managing Member. Under either scenario, these errors and false statements are "undoubtedly relevant and concerning," "play[] an important role in the Court's assessment of [TLP's] adequacy as a putative class representative[,]" and call into question TLP's fitness to serve as a fiduciary on behalf of the Class of potentially hundreds or thousands of injured investors in this Action. *Rodriguez*, 2021 WL 5282006, at *6.

*Third*, up to three weeks after filing its initial motion papers and over two rounds of briefing, TLP has still failed to provide any meaningful information about itself for the Court to evaluate its adequacy.  This, too, standing alone, is a sufficient reason to deny TLP's motion. *See Piven v. Sykes Enterprises, Inc.*, 137 F.Supp.2d 1295, 1305 (M.D. Fla. 2000) (disqualifying movant where it "has not proffered any information regarding its identity, resources, and experience"); *In re HEXO Corp. Sec. Litig.*, No. 19 Civ. 10965 (NRB), 2020 WL 5503634, at *1 (S.D.N.Y. Sept. 11, 2020) ("[A]mple case law supports what one would have thought is an uncontroversial point–namely, that even a preliminary showing of adequacy requires a threshold amount of information regarding an individual movant's background and sophistication."); *Gross v. AT&T Inc.*, No. 19-CV-2892 (VEC), 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019) (denying motion by private limited investment company that "failed to provide any information, beyond the name of a director, as to its business, management, structure, or its experience with securities litigation"); *Haideri v. Jumei Int'l Holding Ltd.*, No. 20-CV-02751-EMC, 2020 WL 5291872, at *5 (N.D. Cal. Sept. 4, 2020) (disqualifying movants who "provided *no* information about themselves[,]" finding subsequent proffer in additional filings was

6

"conclusory and problematic" and reflected a "lack of involvement" in the litigation (emphasis in original)); *In re Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 WL 6052399, at *5 (N.D. Ill. Nov. 15, 2019) (denying motion where "[t]he complete dearth of information accompanying the [movants'] lead plaintiff motion leaves the Court with virtually no basis to assess their adequacy to lead and direct litigation").

Here, the only information that TLP has offered to the Court about itself is that it is "a Wyoming LLC serving as a private investment vehicle" for someone or something (Dkt. No. 38-1 at 8), and that Lissette is presumably either its "Managing Member" (*id.*) or "Managing Partner" (Dkt. No. 38-4 at 1 ¶ 1).  TLP has left unanswered numerous questions pertinent to its typicality and adequacy, including, *inter alia*, what investment or business strategies it employs, what its decision-making or reporting structure is, who or what individual or entity TLP is an investment vehicle for, and whether Lissette, TLP's purported representative in this Action, is authorized alone or with others to bind TLP and enter into litigation on its behalf.  Accordingly, TLP, like the private limited investment company at issue in *AT&T*, which also dealt with competing motions for appointment as Lead Plaintiff under the PSLRA, "has failed to provide any information, beyond the name of a [Managing Member or Managing Parter], as to its business, management, structure, or its experience with securities litigation." *AT&T*, 2019 WL 7759222, at *2 (citing *Piven*, 137 F.Supp.2d at 1305).  Thus, while it is true that "mere speculation is not enough to disqualify a prospective lead plaintiff," TLP remains an opaque company that "has not provided sufficient information for the Court to determine that it will fairly and adequately protect the interests of the class." *Id.* (internal quotation marks omitted).

The foregoing issues are exacerbated by TLP's status as a Wyoming LLC because such entities are notoriously private and not required under Wyoming law to make public disclosures

regarding their members or managers. *See B.V. Reomie Automateriaal v. IDE Inv. & Real Est., LLC*, No. 22-CV-00091-SWS, 2022 WL 16901968, at *2 (D. Wyo. Nov. 11, 2022) ("[E]nabling anonymity of Wyoming LLCs' members creates an absolute nightmare for Federal Courts . . . . The Court notes this case is not the first nor an anomaly—it is one of several where a Wyoming LLC has been sued with unnamed and unidentifiable members[.]"); *Anonymous Wyoming LLC and Privacy*, Offshore Affairs, https://www.offshoreaffairs.com/wyoming-llc/wyoming-llc-privacy (last visited Jan. 27, 2025) ("Wyoming LLCs have been long regarded as private or anonymous offshore companies . . . . Wyoming LLCs do not show on public records who the manager or the members are, as that information is not even reported to the Wyoming Secretary of State when the company is formed nor requested in the annual report.").

TLP's status as an opaque Wyoming LLC, as well as its lack of forthrightness and transparency regarding, *inter alia*, its ownership structure and decision-making processes, makes it exceedingly difficult, if not impossible, to learn without discovery, *inter alia*, how many members or managers TLP has; the identities of the same; how many of these persons or entities are responsible for making decisions on behalf of TLP; and whether any such decisions can be made unilaterally, by consensus or vote, or via some other mechanism. Without this information, if TLP is appointed Lead Plaintiff, leadership over the Class's claims would be left in the hands of potentially numerous unknown persons or entities that are not before the Court, and whose interests may diverge from those of the Class. As such, and given the numerous other issues the Zhang-Dong Family has identified concerning TLP's candidacy for appointment as Lead Plaintiff, the Zhang-Dong Family respectfully submits that, at a minimum, the Court should order fulsome discovery into TLP to assess its adequacy and capability to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iv) (permitting "discovery relating to whether [a movant] is the

most adequate plaintiff" if another lead plaintiff movant has demonstrated "a reasonable basis for a finding that [a movant is] incapable of adequately representing the class"); *Rao v. Quorum Health Corp.*, 221 F.Supp.3d 987, 990 (M.D. Tenn. 2016) (granting discovery to determine a lead plaintiff movant's adequacy).

*Fourth*, assuming *arguendo* that the transactions listed in the Schedule A appended to the Lissette Certification are, in fact, attributable to TLP (despite the Schedule A specifically identifying them as ***Lissette's*** transactions), those transactions show that TLP is a net seller—that is, that TLP sold more shares of Lilium stock than it purchased during the Class Period.  *See* Dkt. No. 38-4 at 3.  This serves as yet another independent reason to deny TLP's motion because, having sold more shares at artificially inflated prices than it purchased, TLP may have actually profited from Defendants' alleged fraud.  *See, e.g.*, *Weisz v. Calpine Corp.*, No. 4:02-CV-1200, 2002 WL 32818827, at *7 (N.D. Cal. Aug. 19, 2002) (disqualifying movant that "sold almost twice th[e] amount [of shares it purchased] . . . during the Class Period" because it "may have actually profited, not suffered losses, as a result of the allegedly artificially inflated stock price"); *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 WL 566814, at *9 (N.D. Cal. Feb. 15, 2011) ("When [movant] sold [stock] during the Class Period . . . he sold it at fraudulently inflated prices. As a result . . . [movant] actually benefitted from the fraud."); *In re McKesson HBOC, Inc. Sec. Litig.*, 97 F.Supp.2d 993, 996-97 (N.D. Cal. 1999) ("[A] net seller has arguably *profited* more from the fraud than it has been injured, possibly reducing its incentive to litigate."  (Emphasis in original.)).

The Schedule A appended to the Lissette Certification lists total purchases of 794,200 shares of Lilium stock and total sales of ***1,792,610*** shares of Lilium stock during the Class Period.  *See* Dkt. No. 38-4 at 3.  In other words, TLP ***sold more than twice as many (or nearly a***

9

***million more) Lilium shares during the Class Period than it purchased*** at prices alleged to have been artificially inflated by Defendants' alleged fraud. *Id.* Accordingly, if appointed Lead Plaintiff, there is a non-speculative risk that TLP will ultimately be found to have profited from Defendants' alleged fraud, which would plainly render TLP atypical and inadequate under Rule 23 to represent the Class of investors damaged by the Defendants' alleged fraud.

## CONCLUSION

For the foregoing reasons, the Zhang-Dong Family respectfully requests that the Court issue an Order: (1) appointing the Zhang-Dong Family as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel and Miller Shah as Liaison Counsel for the Class.

Dated: January 28, 2025            Respectfully submitted,

**MILLER SHAH LLP**

By: */s/ Jayne A. Goldstein*
Jayne A. Goldstein
Nathan C. Zipperian
2103 N. Commerce Parkway
Ft. Lauderdale, FL 33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367
jagoldstein@millershah.com
nczipperian@millershah.com

*Counsel for the Zhang-Dong Family and Proposed*
*Liaison Counsel for the Class*

**POMERANTZ LLP**
James M. LoPiano
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jlopiano@pomlaw.com

*Counsel for the Zhang-Dong Family and Proposed*
*Lead Counsel for the Class*

10

**HAO & HAN LAW FIRM**
Junbo Hao
12B05, Tower A
Ocean Express Building
Chaoyang District, Beijing
People's Republic of China
Telephone: +86 137-1805-2888
jhao@haolaw.cn

*Additional Counsel for the Zhang-Dong Family*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2025, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF.

*/s/ Jayne A. Goldstein*
Jayne A. Goldstein

12