**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.  24-81428-CIV-SMITH**

|  |  |
|---|---|
| MARK KLOSTER, Individually and on Behalf Of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>LILIUM N.V., KLAUS ROEWE, and JOHAN MALMQVIST,<br><br>      Defendants. | <u>CLASS ACTION</u> |

**TLP ONE LLC'S MEMORANDUM OF LAW IN REPLY**
**TO COMPETING MOTION FOR APPOINTMENT OF LEAD**
**<u>PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL</u>**

**PRELIMINARY STATEMENT**

TLP One LLC ("TLP") has the largest financial interest, with losses three times more than the only remaining competing movant, and TLP is typical and adequate. The arguments raised by movants Zhang/Dong in opposition fail on the facts and the law to rebut the presumption TLP is entitled to. TLP is the most adequate movant, should be appointed lead plaintiff, and its selection of counsel should be appointed lead counsel.

Zhang/Dong first argue that TLP will be subject to a standing defense because although TLP is the movant, TLP's certification refers to Jamie Lissette ("Lissette") shares, and not TLP shares. TLP is a private investment vehicle for Mr. Lissette, and the trades referenced in the Schedule A reflect TLP trades, except for a small number of shares in a separate account. TLP has clarified the ambiguity in the attached Amended Certification and thus the alleged potential standing defense is a non-issue. *See* Exhibit ("Ex.") A attached to the Declaration of Lawrence P. Eagel, dated January 28, 2025 (the "Eagel Decl.").

Second, Zhang/Dong argue that because the certification refers to Lissette shares and not TLP shares, TLP's qualification to serve as lead plaintiff is questionable. Not so. The shares are TLP's shares. TLP has clarified any ambiguity in the Amended Certification. There is no disqualifying issue remaining, and Lissette's standing as an executive with 25 years investing experience demonstrates his adequacy to direct TLP as lead plaintiff in this case.

Third, Zhang/Dong argue erroneously that TLP did not provide enough information regarding TLP's ownership interest and structure as a Wyoming LLC. The argument has no merit. TLP is a Wyoming LLC serving as a private investment vehicle for Lissette. Lissette is the Managing Member of TLP, who is currently employed as the president of PopUp Bagels (*see*, www.popupbagels.com) and is a sophisticated investor with over 25 years of investing experience.

TLP and Lissette provided ample information initially and further information herein; the additional detail demanded by Zhang/Dong is simply not required.

Fourth, Zhang/Dong erroneously argue that because TLP sold more shares than it purchased during the Class Period, it was a net seller and therefore would not have a sufficient interest in protecting the Class. That argument fails for several reasons. Being a net seller is irrelevant here because TLP was not a net gainer, there were two disclosures, and at all times prior to the time of the excluded sales, the price of TLP shares was greater.

## ARGUMENT

### I.   TLP HAS THE LARGEST FINANCIAL INTEREST

TLP has the "greatest financial interest" with losses of $254,460.33, exceeding the combined losses of $88,454 of Zhang/Dong. TLP is a Wyoming LLC, a pass-through entity, that is owned and operated by Lissette as a private investment vehicle on behalf of himself and his family. Eagel Decl., Ex. B at ¶¶ 2-3 (Declaration in Support of the Motion of TLP One LLC for Appointment as Lead Plaintiff and Approval of Selection of Counsel). TLP's original certification was signed by Lissette, on behalf of TLP, and included in Schedule A a listing of all his Lilium transactions during the Class Period. While a separate legal entity, as a pass-through entity, TLP does not file a separate tax return, as it passes through Lissette. Eagel Decl., Ex. B at ¶ 3 & n.1. Both TLP Lilium shares (Account 1) and a small number of shares held by Lissette's IRA (Account 2) where included on the original Schedule A, which stated that it listed "Class Period Transactions of Jamie Lissette." ECF No. 38-4 at 3. TLP is submitting herewith an Amended Certification making it clear that it is the sole movant, owned and managed by Lissette, and eliminating from Schedule A the shares held in Lissette's IRA. *See* Eagel Decl., Ex. A. The elimination of Lissette's second account makes a *de minimis* change to the loss calculation by 1%, or $2,812, for total losses

of $254,460.33 (*see* Eagel Decl., Ex. C (Revised Loss Chart)), which continues to be almost three times higher than Zhang/Dong's combined losses of $88,454.

## II.     TLP READILY SATISFIES THE TYPICALITY AND ADEQUECY REQUIREMENTS AND NO *PROOF* OTHERWISE HAS BEEN OFFERED

Zhang/Dong argue in opposition that TLP is atypical, inadequate, and subject to unique defenses.  ECF No. 47 at 10-20.  To rebut the lead plaintiff presumption in favor of TLP, Zhang/Dong must provide proof of inadequacy or atypicality, subjective speculation is not enough. *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002);[1] *In re Facebook, Inc.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) ("exacting proof" necessary to "rebut the PSLRA's presumption" in favor of most adequate lead plaintiff as "[t]he conflict of interest must be shown, not merely speculated"); *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004) ("conclusory assertions of inadequacy are . . . insufficient to rebut the statutory presumption" without evidentiary support).  *See also Kornfield v. Opteum Inc.*, No. 07-14278-CIV-GRAHAM/LYNCH, 2008 U.S. Dist. LEXIS 142668, at *20 (S.D. Fla. Sept. 29, 2008) (at the lead plaintiff stage, the Rule 23 inquiry is "far less exacting than the standard applied at the time of actual class certification").  Each of Zhang/Dong's arguments fail to meet this standard, and/or are legally without merit.  Absent such proof, the "court *must* appoint the plaintiff with the largest financial interest to serve as lead plaintiff." *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at *5 (N.D. Cal. Aug. 11, 2014); *Miller v. Dyadic, Int'l Inc.*, No. 07-80948-CIV-DIMITROULEAS, 2008 U.S. Dist. LEXIS 32271, at *20 (S.D. Fla. Apr. 18, 2008) (similar).

---

[1]   Unless otherwise stated, all emphasis is added and all internal citations, quotations, and alterations are omitted.

3

**A.      TLP's Amended Certification Is Permitted, Curing Any
Perceived Errors and Clearly Establishing TLP's Standing**

Given the pass-through nature of the LLC, the statements in the original certification using the terms "my Lilium…transactions during the Class Period" and that the Schedule A listed the "Class Period transactions of Jamie Lissette in Lilium" were not false, as Zhang/Dong allege in their opposition (ECF No. 47 at 12-14), and as made clear in the Amended Certification (Eagel Decl., Ex. A).[2] Zhang/Dong's purported issue with usage of the terms "my", "I", and "its" and "Managing Partner" versus "Managing Member" (ECF No. 47 at 12-14) in the original certification does not change the facts, particularly given the nature of a sole member pass-through LLC. The Amended Certification resolves any purported confusion over the language used in the original certification, and resolves any purported confusion as to ownership.

"[W]here movants have timely filed their motions for lead-plaintiff appointment, courts have permitted them to supplement or amend their motions", as TLP has done here. *Lucas v. United States Oil Fund, LP*, No. 20 Civ. 4740 (PGG), 2020 U.S. Dist. LEXIS 169684, at *16 (S.D.N.Y. Sept. 16, 2020) (permitting revised certification adding second director's signature to be filed and rejecting argument that amendment was untimely).[3] For example, the court in *Jastram v. Nextera Energy, Incorporated*, accepted from the movant with largest losses a revised certification after discovering that the transactions listed in the original certification failed to account for all appropriate accounts, and like here, their losses were revised downward as a result.

---

[2] The Amended Certification also eliminates a small number of shares mistakenly included that are owned by Lissette separately.

[3] It is unsettled whether a PSLRA certification is even required to be submitted by lead plaintiff movants who did not file a complaint. *See. e.g.*, *Lucas*, 2020 U.S. Dist. LEXIS 169684, at *15 (collecting cases). "Accordingly, certain courts have ruled 'that the existence of adequacy of any certificates submitted . . . will not be a considered determinative factor'" at this stage. *Id.* at *15 (quoting *Roby v. Ocean Power Techs., Inc.*, C.A. No. 14-cv-3799 (FLW) (LHG), 2015 U.S. Dist. LEXIS 42388, at *24 n.8 (D.N.J. Mar. 17, 2015)).

No. 23-80833-CIV-CANNON, 2023 U.S. Dist. LEXIS 240589, at \*14-15 (S.D. Fla. Oct. 26, 2023) (finding the fact that movant submitted amended certification not "significant enough to render it 'inadequate'").   In *Bao*, in response to an overstatement of share price being identified by defendants, the court accepted a revised sworn certification that reduced the movant's losses by over half, finding that the movant still had the greatest financial interest, and rejecting arguments about the original error because at "this preliminary stage . . . [the] amended certification [is] sufficient to make a *prima facie* showing of typicality and adequacy[.]"  2014 U.S. Dist. LEXIS 111869, at \*8, 11.[4]

Further, Zhang/Dong's assertions that the existence of the initial errors should disqualify TLP because they are not minor and show carelessness also fail.  First, the discrepancies are minor, primarily pronoun usage, and result in a correction to losses **downwards** by 1%.  *See, e.g.*, *Jastram*, 2023 U.S. Dist. LEXIS 240589, at \*10 n.6 (allowing revised certification and noting that comparison of losses from first certification showed "marginal" increase to losses by 12%).  Second, "'[c]ourts routinely reject criticisms based on errors in certifications, particularly where there is no evidence of bad faith or intent to deceive the court or the parties'" such as here.  *Jastram*, 2023 U.S. Dist. LEXIS 240589, at \*14-15 (quoting *In re SLM Corp. Sec. Litig.*, No. 08 Civ. 1029 (WHP), 2012 U.S. Dist. LEXIS 8158, at \*24-25 (S.D.N.Y. Jan. 24, 2012) (rejecting carelessness argument as errors were inadvertent and corrected)); *Khunt v. Alibaba Grp. Holdings Ltd.*, 102 F.

---

[4]  *See also Rao v. Quorum Health Corporation*, 221 F. Supp. 3d 987, 989 (M.D. Tenn. Dec. 13, 2016) (noting courts allow certification amendments since the PSLRA certification requirement "does not have a time limit"); *Sanchez v. Arrival SA*, No. 22-cv-172 (DG), 2022 U.S. Dist. LEXIS 244380, at \*16 n.5 (E.D.N.Y. Apr. 15, 2022) ("Courts routinely allow the supplementation of PSLRA certifications."); *Baron v. TalkSpace, Inc.*, No. 22 Civ. 163 (PGG), 2022 U.S. Dist. LEXIS 99732, at \*17-18 (S.D.N.Y. June 3, 2022) (appointing a movant that submitted amended PSLRA certifications) (citing *Chao Lu v. Jumei Int'l Holdings Ltd.*, No. 14 Civ. 9826, 2015 U.S. Dist. LEXIS 86776, at \*17 (S.D.N.Y. June 22, 2015) ("The supplemental declarations submitted … remedied any deficiencies in the initial certification.").

5

Supp. 3d 523, 529, 538-39 (S.D.N.Y. 2015) ("minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement").

The cases relied upon by Zhang/Dong are inapposite, involving significant errors and material changes not present here. *See Rodriguez v. DraftKings Inc.*, No. 21 Civ. 5739 (PAE), 2021 U.S. Dist. LEXIS 219489, at *24 (S.D.N.Y. Nov. 12, 2021) ("significant errors and inconsistencies" resulting in overstatement of loses); *Camp v. Qualcomm Inc.*, No.: 18-cv-1208-AJB-BLM, 2019 U.S. Dist. LEXIS 10269, at *9 (S.D.N.Y. Jan. 22, 2019) ("significant errors in the transaction records and loss calculations"); *Tomaszewksi v. Trevena, Inc.*, 383 F. Supp. 3d 409, 416-17 (E.D. Pa. 2019) (incorrect trade prices and trade dates resulting in overstatement of losses).

Given the above, TLP clearly has standing as it is the beneficial owner of the shares and Zhang/Dong's argument otherwise is now moot. *See* ECF No. 47 at 3-4, 10-1. While Zhang/Dong argue for "evidence that [TLP] is the beneficial owner of the securities," Zhang/Dong offer no such evidence on their own behalf other than their certification and declaration. And nothing more is required of TLP than the certification or a declaration. *Murphy v. Argo Blockchain PLC*, 683 F. Supp. 3d 211, 218 (E.D.N.Y. 2023) ("court may rely on a party's sworn declaration along with a list of purchases and sales"); *In re Kit Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 447 (S.D.N.Y. 2013) ("a sworn declaration of ownership trumps speculation as to a party's property interest in relevant shares").

The original certification clearly states that it is being signed on TLP's behalf and only the top of Schedule A mistakenly stated that the transactions were Lissette's not TLP's. All of the shares listed in Account 1 in the original certification and repeated in the Amended Certification were owned by TLP and therefore the "facts as they existed at the time of commencement of action" show standing and do not change simply because TLP submitted the clarifying Amended

6

Certification. *See also Cooper v. DJSP Enters.*, No. 10-61261-CIV-ZLOCH/ROSENBAUM, 2010 U.S. Dist. LEXIS 152712, at *8-10 (S.D. Fla. Nov. 24, 2010) (rejecting similar standing argument).

### B. TLP Provided Sufficient Information About Itself

TLP stated in its opening papers that it is a Wyoming LLC used as a private investment vehicle and managed by Lissette, a sophisticated investor. *See* ECF Nos. 38-1, 38-4. There is no requirement that TLP provide the information demanded by Zhang/Dong, such as the beneficiary of the TLP's trading profits, the origin of the capital, or investment strategy. ECF 47 at 16-17. Zhang/Dong do not, because they cannot, cite to a single case stating that such a level of information is required at this stage. Such a demand requires far more than a preliminary showing of adequacy. The court "need not raise its inquiry to the level required in ruling on a motion for class certification." *Patel v. Reata Pharm., Inc.*, 549 F. Supp. 3d 559, 566 (E.D. Tex. 2021). Indeed, the cases relied upon by Zhang/Dong, as quoted by them in the opposition (ECF No. 47 at 15) are cases where in almost all instances no information was provided by the movant, which is not the situation here. TLP and its sole member provided sufficient information in the opening papers and, although not required, provides additional information in the Lissette Declaration filed concurrently herewith.

*Patel* is instructive here. Like TLP, a movant was alleged to have only provided inadequate, "bare bones information" when including residency, investment experience, education, and employment. 549 F. Supp. 3d at 569. The court first noted that there is a split as to whether such information is even required, with "courts regularly reject[ing] the notion that detailed background information is required" by movants. *Id*. at 570. The court went on to note that the cases relied upon, some of the same ones relied upon by Zhang/Dong (ECF No. 47 at 15), were

7

distinguishable.[5] *See also Denny v. Canaan, Inc.*, No. 21 Civ. 3299 (JPC), 2021 U.S. Dist. LEXIS 236097, at *10-11 (S.D.N.Y. Dec. 9, 2021) (similar). Likewise, in *Arrival*, 2022 U.S. Dist. LEXIS 244380, at *16-20, the court rejected a similar argument where a movant corporation submitted a declaration, after the opening motion, stating where the corporation was incorporated, principal office location, and that it was primarily engaged in strategic consulting, along with a description of its director's education and sophistication.

Zhang/Dong asserts that *Gross v. AT&T Incorporated* is instructive (ECF No. 47 at 15-16), but it is easily distinguishable on its facts. As Zhang/Dong point out, in *AT&T*, the only information provided was the name of the director with the movant failing to provide any further information regarding is structure or investment sophistication when challenged. *AT&T*, No. 19-CV-2892 (VEC), 2019 U.S. Dist. LEXIS 225777, at *6 (S.D.N.Y. June 24, 2019). Here, not only was far more information initially provided, TLP, through Lissette, has provided additional information giving a "sufficient basis on which to determine that [TLP] has made a prima facie showing of adequacy." *Arrival*, 2022 U.S. Dist. LEXIS 244380, at *20.

Further, Zhang/Dong's attempt to paint TLP as inadequate and possibly an offshore company or a "scammer" merely because it is a Wyoming LLC (ECF No. 47 at 17) is pure speculation with absolutely zero proof. *See, e.g.*, *Arrival*, 2022 U.S. Dist. LEXIS 244380, at *20-23 (rejecting assertion that movant was inadequate because linked to off-shore tax shelters in Pandora Papers as "accusations [] based on speculation and innuendo" falling far short of the

---

[5] For example, in *In re Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 U.S. Dist. LEXIS 198259, at *14-25 (N.D. Ill. Nov. 15, 2019), a movant family only provided residency information and the central issue was how a family of modest means could invest $40 million in Boeing stock. *See also Pivan v. Sykes Enters.*, 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000) (no information as to location, business, who controls it); *Smajlaj v. Brocade Commc'ns Sys. Inc.*, No. C 05-02042 CRB, 2006 U.S. Dist. LEXIS 97618, at *10-12 (N.D. Cal. Jan. 12, 2006) (movant was hedge fund with three management companies and refused to show authority to litigate).

required "exacting proof" needed and noting that "allegations of misconduct must be 'germane' to the action and implicate" fiduciary ability) (collecting cases); *Schaeffer v. DePaolo*, No. 23-CV-1921-FB-JRC, 2023 U.S. Dist. LEXIS 139643, at *19-20 (E.D.N.Y. Aug. 10 , 2023) (rejecting speculative assertions).

Although TLP is willing to provide additional information, the Court should deny Zhang/Dong's request for discovery.  ECF No. 47 at 18-19.  "[N]o discovery is available under the PSLRA" where, as here, there is "no proof or specific claims to rebut [TLP 's] adequacy, which is a failure to 'demonstrate a reasonable basis' for challenging [TLP's] adequacy." *Kit Digital*, 293 F.R.D. at 448 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(v)); *see also Arrival*, 2022 U.S. Dist. LEXIS 244380, at *26 (denying discovery request where movant provided sufficient information to make "preliminary showing of adequacy" in contrast to "speculation" provided in support of discovery request, stating that discovery "will only cause unnecessary delay and expense, likely to provide results that are neither helpful nor likely to change the outcome").

C.     **TLP Has Suffered Damages From the Fraud**

The fact that TLP sold more shares than it bought during the Class Period does not disqualify TLP from serving as lead plaintiff because it plainly suffered losses from the fraud, and none of the cases cited by Zhang/Dang hold otherwise.  *See, e.g.*, *In re Credit Suisse-AOL Sec. Litig.*, 253 F.R.D. 17, 23 (D. Mass. 2008) ("Plaintiff's status as a 'net seller' does not automatically render its claims atypical.").  TLP purchased 774,200 shares during the Class Period at a cost of $439,726.30.  TLP sold 1,738,819 shares during the Class Period making it a net seller of Lilium shares.  But even though TLP sold more than it bought during the Class Period, it received only $416,099.39 for all of the shares sold.  Thus, even if the pre-Class Period shares sold during the Class Period had a $0 basis (which of course they did not), TLP still had a loss and suffered damages during the Class Period.  *See In re NTL Sec. Litig.*, No. 02 Civ. 3013 (LAK) (AJP), 2006

9

U.S. Dist. LEXIS 5346, at *39 (S.D.N.Y. Feb. 14, 2006). Courts have found that where the movant may have been a net seller, but not a net gainer, the movant is "qualified to serve as lead plaintiff." *See Frank v. Dana Corp.*, 237 F.R.D. 171, 172-73 (N.D. Ohio 2006) (because movant suffered loss on pre-class period shares, "it should have no trouble proving damages"); *In re MGM Mirage Sec. Litig.*, No.: 2:09-cv-01558-GMN-LRL, 2010 U.S. Dist. LEXIS 120061, at *11-12 (D. Nev. Oct. 25, 2010) (where net seller is also net loser it may be appointed as lead plaintiff, noting that "*In re McKesson HBOC, Inc. Securities Litigation,* 97 F. Supp. 2d 993, 996-97 (N.D. Cal. 1999)— dealt with a net seller that achieved a net gain, and, as such, is not relevant here"). In comparison, in *Perlmutter v. Intuitive Surgical, Incorporated*, No.: 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *27 (N.D. Cal. Feb. 15, 2011), relied upon by Zhang/Dong (ECF No. 47 at 19), the losing movant was a net seller and a net gainer, having gained $2.3 million in class period transactions. Therefore, TLP's net seller status does not render it atypical or inadequate.

Further, the pre-Class Period shares were sold on October 24, 2024, ***after*** the first corrective disclosure. ECF No. 38-5; *see also* ECF No. 1, ¶ 3 (describing corrective disclosure). Courts have held the net seller analysis to be inapplicable where there are partial disclosures, such as here, because there was no benefit from the fraud. *See, e.g.*, *NTL*, 2006 U.S. Dist. LEXIS 5346, at *37-41 (rejecting net seller argument and finding net seller movant typical where there were partial disclosures).

## CONCLUSION

TLP has the largest losses and satisfies the Rule 23 requirements. Zhang/Dong have failed to rebut the presumption in TLP's favor and, therefore, TLP's motion for appointment as lead plaintiff should granted.

Dated:  January 28, 2025

Respectfully submitted,

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**

*/s/ Jeffrey C. Schneider*
Jeffrey C. Schneider (Florida Bar No. 933244)
Email:  jcs@lklsg.com
Secondary: ph@lklsg.com
Victoria J. Wilson (Florida Bar No. 92157)
Primary:  vjw@lklsg.com
Secondary: rm@lklsg.com
Miami Tower
100 SE 2nd Street, 36th Floor
Miami, FL  33131
Telephone:  (305) 403-8788
Facsimile:  (305) 403-8789

**BRAGAR EAGEL & SQUIRE, P.C.**
Lawrence P. Eagel (*pro hac vice* forthcoming)
Marion C. Passmore (*pro hac vice* forthcoming)
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone:  (212) 308-5858
Facsimile:  (212) 214-0506
Email:  eagel@bespc.com
      passmore@bespc.com
*Attorneys for Movant TLP One LLC*

11

**<u>CERTIFICATE OF SERVICE</u>**

I, Jeffrey C. Schneider, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 28th day of January, 2025.

*/s/ Jeffrey C. Schneider*
Jeffrey C. Schneider
