**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:24-81428-Civ-SMITH/REINHART

| | |
|---|---|
| MARKUS KLOSTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LILIUM N.V., KLAUS ROEWE, and JOHAN MALMQVIST,<br><br>Defendants. | <u>CLASS ACTION</u> |

**SUR-REPLY MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION
OF MOVANT THE ZHANG-DONG FAMILY FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; AND (2) IN
OPPOSITION TO COMPETING MOTION**

Lead Plaintiff Movant, the Zhang-Dong Family,[1] respectfully submits this sur-reply memorandum of law in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Pomerantz as Lead Counsel and Miller Shah as Liaison Counsel (Dkt. No. 40); and in opposition to the competing motion of TLP (Dkt. No. 38).

## ARGUMENT

In its opposition brief, the Zhang-Dong Family noted the obvious disconnect between (1) the originally filed Lissette Certification, in which Jamie Lissette, TLP's Managing Member, purported to submit that Certification on behalf of *TLP*, and (2) the schedule of transactions appended thereto, which Lissette described as "a complete listing of all *my* Lilium . . . transactions"—*i.e.*, those of Lissette personally—and which stated that it listed "Class Period Transactions of *Jamie Lissette* in Lilium . . . securities." *See* Dkt. No. 38-4 at 1 ¶ 5; *id.* at 3. TLP's moving brief, for its part, referenced only *TLP's* transactions in Lilium securities and *its* purported "willingness to serve as Class representative[.]" *See* Dkt. No. 38-1 at 1 n.1, 6, 8. This inconsistency plainly signaled the presence of one or more errors in TLP's motion papers: "either: (i) TLP's moving brief is accurate and TLP submitted a false certification under penalty of perjury; or (ii) the Lissette Certification is accurate, and TLP's moving brief contains false statements as to TLP's own purported transactions in Lilium securities during the Class Period [and] TLP's own interest and willingness to serve as a Class representative[.]" Dkt. No. 48 at 5-6.

TLP's reply papers belatedly confirmed the presence of such errors. Specifically, TLP submitted an Amended Certification which "eliminates a small number of shares mistakenly

---

[1] All capitalized terms herein are defined in the Zhang-Dong Family's motion and moving, opposition or reply briefs, unless otherwise indicated. *See* Dkt. Nos. 40, 47-48.

included that are owned by Lissette separately[,]" thereby acknowledging that the initial Lissette Certification *did* erroneously include transactions executed by Lissette trading in his individual capacity, not on TLP's account as its Managing Member.  *See* Dkt. No. 49 at 4 n.2; Dkt. No. 49-2.  Notwithstanding the acknowledged error, TLP's reply brief seeks to minimize its significance, insisting that the error has no impact on its adequacy to serve as Lead Plaintiff because "[t]he Amended Certification resolves any purported confusion over the language used in the original certification, and resolves any purported confusion as to ownership."  Dkt. No. 49 at 4.  Not so.  The Court should not trivialize the consequence of TLP's errors, which raised valid questions about points as critical as TLP's Article III standing and its basic compliance with the PSLRA's Certification requirement.  Plainly, the Court and other parties to this litigation should be able to rely on the accuracy of TLP's submissions, and other litigants should not be responsible for alerting TLP to its own mistakes.  *See, e.g.*, *Rodriguez v. DraftKings Inc.*, No. 21 CIV. 5739 (PAE), 2021 WL 5282006, at *6, *9 (S.D.N.Y. Nov. 12, 2021) (denying lead plaintiff motion, finding the presence of errors in a movant's "submissions [to be] undoubtedly concerning" and noting that "[h]ad [movant] been serious about his responsibilities as a budding class representative, he should not have had to have been alerted to these basic errors in the first place.").

The Zhang-Dong Family respectfully submits that TLP's errors, which arose from a failure to differentiate TLP's trading activity from the personal trading activity of its Managing Member, raise legitimate questions as to TLP's preparedness to undertake the intensive and detail-oriented work that is necessary to supervise a complex securities litigation.  The fact that TLP is already subject to such questions, at the very outset of this litigation, demonstrates its inadequacy under Rule 23 and mandates denial of its motion for appointment as Lead Plaintiff.

**CONCLUSION**

For the foregoing reasons, the Zhang-Dong Family respectfully requests that the Court issue an Order: (1) appointing the Zhang-Dong Family as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel and Miller Shah as Liaison Counsel for the Class.

Dated: February 12, 2025                                 Respectfully submitted,

**MILLER SHAH LLP**

By: */s/ Jayne A. Goldstein*
Jayne A. Goldstein
Nathan C. Zipperian
2103 N. Commerce Parkway
Ft. Lauderdale, FL 33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367
jagoldstein@millershah.com
nczipperian@millershah.com

*Counsel for the Zhang-Dong Family and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
James M. LoPiano
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jlopiano@pomlaw.com

*Counsel for the Zhang-Dong Family and Proposed Lead Counsel for the Class*

**HAO & HAN LAW FIRM**
Junbo Hao
12B05, Tower A
Ocean Express Building
Chaoyang District, Beijing
People's Republic of China
Telephone: +86 137-1805-2888
jhao@haolaw.cn

*Additional Counsel for the Zhang-Dong Family*

3

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2025, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF.

/s/ Jayne A. Goldstein
Jayne A. Goldstein

4