UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-81428-CIV-SMITH

MARKUS KLOSTER, *individually*
*and on behalf of all others similarly situated*,

     Plaintiff,

v.

LILIUM N.V., *et al.*,

     Defendants.

_____/

## ORDER APPOINTING LEAD PLAINTIFF AND APPROVING LEAD COUNSEL

This matter came before the Court upon TPL One LLC's ("TPL") Motion to be Appointed Lead Plaintiff, and for Approval of its Selection of Lead Counsel and Liaison Counsel[1] [DE 38], and Zhang-Dong Family's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel [DE 40].[2] The Court has carefully considered the Motions, TPL's Response [DE 46], Zhang-Dong Family's Memorandum of Law in Support of its Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel [DE 47] and its Reply [DE 48], TPL's Reply [DE 49], Zhang-Dong Family's Sur Reply [DE 54], and the parties attached exhibits, declarations and affidavits.

## I.    BACKGROUND

This case involves allegations against Lilium N.V. ("Lilium") and members of its senior management (collectively, the "Defendants") for violations of Sections 10(b) and 20(a) of the

---

[1] No opposition was made to TLP's selection of Lead or Liaison counsel.

[2] TLP and Zhang-Dong Family are the only remaining movants for appointment of lead plaintiff. Manuel de Braganca Fangueiro filed a Notice of Withdrawal of his lead plaintiff motion on January 7, 2025. (DE 41.) On January 21, 2025, Worthmore Global Management LLC and Richard Tristan Garcia filed Notices of Withdrawal of their motions (DE 43 and DE 45) and Wim Taeymans filed a Notice of Non-Opposition to Competing Lead Plaintiff Motions [DE 44].

1

Securities Exchange Act of 1934. Lilium, together with its consolidated entities, is a start-up aviation company engaged in the research and development of an electric, vertical-takeoff and landing jet, known as the "Lilium Jet," and its securities were traded publicly on the NASDAQ. Plaintiff seeks to represent all purchasers of Lilium securities between June 11, 2024, and November 3, 2024, and claims that Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts, about Lilium's business, operations, and prospects.  Plaintiff alleges injuries as a result of Defendants' securities law violations.

On January 6, 2025, six movants filed motions to be appointed lead plaintiff in this action. As of the date of this Order, only two movants remain: TLP and the Zhang-Dong Family. Proposed lead plaintiff TLP is a Wyoming limited liability company serving as a private investment vehicle. In its initial motion to be appointed lead plaintiff, TLP claimed losses totaling $257,272.33. However, after correcting what TLP claims were minor "clerical errors," TLP now claims a "financial interest" of $254,460.33 under a last-in-first-out ("LIFO") analysis. Proposed lead plaintiff Zhang-Dong Family are husband and wife, the general manager of a petroleum company and a manager of a petrochemical company, respectively, currently residing in the People's Republic of China. In Zhang-Dong Family's initial application, they claimed that they had purchased 1,297,322 Lilium shares incurring losses of approximately $88,454.

## III.   DISCUSSION

Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), within ninety days after publication of notice, the Court must consider any motion made by a class member and appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of the class members. 15 U.S.C. § 78u-4(a)(3)(B)(i). The statute establishes a rebuttable presumption that the most adequate plaintiff is a

plaintiff who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." *In re Cendant Corp. Litig.*, 264 F.3d 201, 222 (3d Cir. 2001) (quoting 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)). This presumption may only be rebutted by proof that the purportedly most adequate plaintiff "will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class."[3] *Id.* (quoting 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)).

### A. Selection of Lead Plaintiff

There is no dispute that each of the proposed lead plaintiffs made a timely motion in response to the notice. The Court therefore must determine the presumptive lead plaintiff based on who has the largest financial interest and who can fulfill the requirements of Rule 23(a). In its initial motion to be appointed lead plaintiff, TLP claimed losses totaling $257,272.33. In their initial application, Zhang-Dong Family claimed losses of only approximately $88,454.[4] Thus, the Court finds that TLP has the largest financial interest in this case.

### B. TLP Satisfies the Requirements of Rule 23(a)

To gain the presumption of being the most adequate lead plaintiff, in addition to possessing the largest financial interest in the outcome of the litigation, TLP must make a *prima facie* showing that it "otherwise satisfy[ies] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Luczak v. Nat'l Beverage Corp.*, 2018 WL 9847842, at *1 (S.D. Fla. Oct. 12, 2018) (quotation marks and citations omitted). Rule 23(a) imposes four requirements: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). Of these prerequisites, only "typicality" and "adequacy of representation" are relevant in deciding a motion for appointment

---

[3] The Court notes that the proffered leads are in agreement as to the class period utilized in selecting a lead plaintiff.

[4] The suitability of a lead plaintiff must be based on the financial loss asserted in its original motion for appointment. *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 819 (N.D. Ohio 1999).

of lead plaintiff. *Brustein v. Lampert*, No. 04-61159-CIV, 2005 WL 8154797, at *7 (S.D. Fla. June 16, 2005).

TLP satisfies the typicality requirement. The typicality requirement is satisfied where the "named representatives' claims share the same essential characteristics as the claims of the class at large." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). TLP, like all of the class members, alleges that Defendants made false and/or misleading statements and failed to disclose material adverse facts in violation of federal securities law, causing TLP damages. Accordingly, the Court finds that TLP's claims are typical of those of the class.

The Court also finds that TLP will be an adequate lead plaintiff. To satisfy the adequacy requirement, TLP must make a preliminary showing that "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Okaro*, 702 F. Supp. 3d at 1301. Here, TLP provides demonstrable evidence of the extensive experience of its proposed lead counsel, Bragar Eagel & Squire, P.C., in complex securities class action suits, and no plaintiff suggests that the firm is unqualified. Likewise, TLP claims mirror that of the class and TLP was similarly damaged and therefore its interest is not antagonistic to that of the class. Nor has there been a sufficient showing that TLP will not vigorously pursuing the claims of the class.  Moreover, as outlined below, the Court is unpersuaded by the argument that TLP will not fairly and adequately protect the interests of the class or is subject to unique defenses. Accordingly, the Court finds that TLP is the presumptive lead plaintiff.

### C. Zhang-Dong Family Has Failed to Rebut the Presumption of TLP as Lead Plaintiff

To rebut the presumption of TLP as lead plaintiff, the other movants must present "proof" that TLP either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Zhang-Dong Family offers fours contentions in an attempt to rebut this presumption: (1) TLP has failed to establish its standing to pursue fraud claims on behalf of the Class; (2) TLP's motion papers are either false or else contain glaring errors;(3) TLP has failed to provide any meaningful information about itself for the Court to evaluate its adequacy; and (4) TLP is a net seller and thus is ineligible for appointment as lead plaintiff. The Court will address each argument in turn.

> *i.  TLP has established standing to pursue fraud claims on behalf of the Class and the errors in its submissions are minor.*

The Court addresses Zhang-Dong Family's first and second contentions together as they are based on alleged errors in TLP's Motion for Appointment. Zhang-Dong Family argues that TLP lacks standing to sue because TLP failed to submit evidence showing that it is the beneficial owner of the securities on which it claims a loss in this action. Zhang-Dong Family, further, offers that TLP's filings are either false or else contain glaring errors. Zhang-Dong Family's contentions are predicated on ambiguities in the Certification of Jamie Lissette ("Lissette"), which Zhang-Dong Family argues indicates that Lissette, not TLP, is the owner of the Lilium securities at issue in this action. While the Court agrees with Zhang-Dong Family that errors of this kind could call into question TLP's fitness to serve as a fiduciary on behalf of the Class, the errors noted are benign and do not rise to the level of bad faith. *See Rodriguez v. DraftKings Inc.*, No. 21 CIV. 5739 (PAE), 2021 WL 5282006, at *6 (S.D.N.Y. Nov. 12, 2021) (noting the slovenliness of submissions is undoubtedly relevant); *but see Maeshiro v. Yatsen Holding Limited*, 2023 WL 4684106, *9 (S.D.N.Y. 2023) ("Courts 'routinely reject criticisms based on errors in certifications, particularly

where there is no evidence of bad faith or intent to deceive the court or the parties.'" (quoting *In re SLM Corp. Securities Litigation*, Fed. Sec. L. Rep. (CCH) P 96717, 2012 WL 209095, *8 (S.D.N.Y. 2012); and citing, inter alia, *Siegel v. Boston Beer Co.*, 2021 WL 5909133, *8 (S.D.N.Y. Dec. 14, 2021)). Therefore, the Court rejects Zhang-Dong Families' challenge to Lissette's Certification. Moreover, Zhang-Dong Family's arguments here are mooted by TLP's Amended Certification which establishes that TLP is the beneficial owner of the Lilium shares and provides further clarifications. *See ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 56 (1st Cir. 2008) ("the PSLRA does not itself modify the liberal amendment policy of Rule 15"); *Okaro*, 2023 WL 8101048, *3 (S.D. Fla. 2023) ("any alleged deficiency in any movant's certification is not a determinative factor in the selection of lead plaintiff").

ii. *TLP has provided sufficient information for the Court to evaluate its adequacy.*

Zhang-Dong Family next argues that TLP should be disqualified as lead plaintiff because it failed to provide any meaningful information about itself for the Court to evaluate its adequacy. In support of its position, Zhang-Dong Family points to *Piven v. Sykes Enterprises, Inc.*, 137 F. Supp. 2d 1295 (M.D. Fla. 2000). In *Piven*, the district court declined to appoint Westwind as the lead plaintiff in the securities class action where Westwind was unable to establish that it was a more adequate lead plaintiff than the other movants. *Id*. at 1306. There, Westwind failed to disclose where it was located, what its business was, if it was a foreign company, or who controlled it. *Id*. By contrast, TLP has established that it is a Wyoming LLC used as a private investment vehicle managed by Lissette, a sophisticated investor and the sole LLC member. Therefore, Zhang-Dong Family's argument regarding the adequacy of TLP's disclosures is unavailing. The Court finds that TLP has provided sufficient information for the Court to evaluate its adequacy and further discovery is not needed.

*iii. TLP is a net loser and thus is eligible for appointment as Lead Plaintiff.*

Lastly, Zhang-Dong Family argues that TLP is atypical and inadequate under Rule 23 because it is a net seller of Lilium stock. While courts routinely disqualify net sellers from consideration as lead plaintiff in PSLRA actions, *see Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 WL 566814, at *9 (N.D. Cal. Feb. 15, 2011) ("When [movant] sold [stock] during the Class Period . . . he sold it at fraudulently inflated prices. As a result . . . [movant] actually benefitted from the fraud."); *Weisz v. Calpine Corp.*, No. 4:02-CV-1200, 2002 WL 32818827, at *7 (N.D. Cal. Aug. 19, 2002) (disqualifying movant that "sold almost twice th[e] amount [of shares it purchased] . . . during the Class Period" because it "may have actually profited, not suffered losses, as a result of the allegedly artificially inflated stock price"), a potential lead plaintiff's status as a "net seller," is not dispositive, *Adcock v. Netbank, Inc.*, No. 1:07-CV-2298-BBM, 2008 WL 11322962, at *6 (N.D. Ga. Apr. 21, 2008) ("[T]o the extent that [movant] could be considered a net seller, such status does not preclude lead plaintiff status."). The more important factor is whether one is a net gainer or a net loser; a net seller who nonetheless suffered a loss can still prove damages, and therefore is still qualified to serve as lead plaintiff. *Id.*

Here, TLP purchased 774,200 shares of Lilium stock during the Class Period at a cost of $439,726.30 and sold 1,738,819 shares that same Period, making it a net seller of Lilium shares during the Class Period. However, TLP received only $416,099.39 for all of the shares sold — a net loss. Because TLP was a net loser, TLP may still be appointed lead Plaintiff and is not atypical. *See In re MGM Mirage Sec. Litig.*, No. 2:09-CV-01558-GMN, 2010 WL 4316754, at *4 (D. Nev. Oct. 25, 2010) (noting courts will allow net sellers who are also net losers to be appointed lead plaintiff); *In re UTStarcom, Inc. Sec. Litig.*, No. C 04-04908 JW, 2010 WL 1945737, at *6 (N.D. Cal. May 12, 2010) (allowing appointment of a net seller who was not a net gainer as lead plaintiff).

The Court therefore finds that Zhang-Dong Family has failed to rebut the presumption in favor of TLP and TLP must be appointed lead plaintiff in this action.

Accordingly, it is

**ORDERED** that:

1) TLP One LLC's Motion to be Appointed Lead Plaintiff, and for Approval of its Selection of Lead Counsel and Liaison Counsel [DE 38] is **GRANTED**.

2) Zhang-Dong Family's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel [DE 40] is **DENIED**.

3) TLP One LLC is hereby appointed Lead Plaintiff in the above-entitled action.

4) The law firm of Bragar Eagel & Squire, P.C. is hereby appointed as Lead Counsel in the above-entitled action.

5) The law firm Levine Kellogg Lehman Schneider + Grossman LLP is hereby appointed as Liaison Counsel in the above-entitled action.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 28th day of February, 2025.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:     counsel of record

8